**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JOHN DERWIN, a/k/a John Thompson,**

    Plaintiff,

    v.                              **CIVIL NO. 99-244 DJS/JHG**

**CORRECTIONS CORPORATION OF AMERICA,
INC., d/b/a Torrance County Detention Center, DONALD
A. DORSEY, JOHN DOE, JANE DOES 1-3, JOHN AND
JANE DOES (to be identified),**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss filed June 18, 1999 (Docket No. 9). Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P. 73, and the parties' consent (Docket Nos. 6, 7) this case has been assigned to a Magistrate Judge for final disposition.

    Plaintiff has brought this action for damages pursuant to 42 U.S.C. §1983, the Americans with Disabilities Act 42 U.S.C. §12132 and 42 U.S.C. §12182(b)(2)(A)(ii), and a pendant state tort claim for negligence. Plaintiff asserts that he was denied reasonable accommodation while a prisoner at the Torrance County Detention Center and that he was denied medical care following a further injury at that facility. Plaintiff further contends that Defendants CCA and Donald A. Dorsey failed in their obligation to adequately train and supervise other named defendants. Plaintiff asserts that Defendants committed negligence when they failed in their duty to afford him basic medical services and failed

to avoid undue dangers on their premises. Plaintiff seeks punitive damages.

Defendants move to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). They argue that Plaintiff fails to state claims under 42 U.S.C. §§1983 or the Americans with Disabilities Act. Defendants also argue that they should be dismissed because Plaintiff has failed to allege that the constitutional deprivations were made pursuant to a policy or custom. In addition, Defendants assert that the are entitled to immunity under the New Mexico Tort Claims Act from Plaintiff's negligence claim. Defendants assert that they are entitled to sovereign immunity under that Act.

**FACTUAL BACKGROUND**

Plaintiff asserts that he was incarcerated at the Torrance County Detention Center (Detention Center) beginning on January 13, 1999 until January 28, 1999. Plaintiff states that, upon arrival at the Detention Center, he told a male nurse that he was paralyzed from the chest down and would require crutches to assist him in walking. Plaintiff further contends that he was not issued crutches or any other device to assist him in walking and that, on January 15, 1999, he fell in a slippery shower, severely twisting his leg. Plaintiff asserts that within thirty minutes his leg swelled from mid-calf to the toes and turned purple. Plaintiff showed the injury to Defendant Jane Doe 1, a nurse, at "pill call" on the same day. Plaintiff contends that Jane Doe 1 and Jane Does 2 and 3, other nurses who saw his injury, refused to summon an on-call physician. Plaintiff further states that neither of the nurses examined his injury or offered any treatment, even after several corrections officers reported the injury to the medical department. Plaintiff submitted a grievance form on the evening of January 15, 1999.

Plaintiff was examined by a doctor on January 19, 1999 after suffering severe pain. Plaintiff states that he was treated by the doctor and then sent to Albuquerque for further treatment on

January 21, 1999, when he was fitted with a half-cast. Plaintiff asserts that he was diagnosed as suffering from a torn calf muscle and torn ligaments as well as a possible fracture. Plaintiff further contends that he was later diagnosed as suffering from a torn Achilles tendon. Plaintiff states that while held at the Detention Center he was unable to eat more than one meal a day because of difficulty reaching a table.

**LEGAL STANDARD**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

**§1983 CLAIMS**

Defendants assert that Plaintiff fails to state a claim against Corrections Corporation of America, Inc. (CCA) because he fails to allege any personal involvement by CCA in the alleged constitutional violation. Defendants also assert that Plaintiff fails to state a claim under the Eighth Amendment. Defendants argue that Plaintiff does not allege that CCA or any representative of CCA has any personal involvement in his fall or the events following his fall.

Plaintiff does allege that the Defendant Jane Doe nurses and John Doe jail guards had personal

3

involvement in the events following his fall. With regard to Count I of the complaint, which alleges a §1983 Constitutional violation, Plaintiff does not affirmatively link Defendants CCA and Donald Dorsey to the alleged violation. Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under §1983, Plaintiff must allege some personal involvement by each defendant in the constitutional violation. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of *respondeat superior* liability for the actions of workers supervised by the official. Id. Consequently, Count I must be dismissed against Dorsey and CCA.

Defendants are state actors for the purposes of §1983. Defendant CCA is a private entity which contracts to run the Torrance County Detention Facility. In West v. Atkins, 487 U.S. 42 (1988), the Supreme Court held that a private physician who contracted with a state prison to treat inmates to satisfy the state's constitutional obligation to provide medical care was a state actor. The Supreme Court held that the private physician was not on a regular state payroll, but that his "function[s] within the state system, not the precise terms of his employment, [determined] whether his actions can fairly be attributed to the State." Id. at 55-56. If Doctor Atkins misused his power by demonstrating deliberate indifference to West's serious medical needs, the resultant deprivation was caused, in the sense relevant for state-action inquiry, by the State's exercise of its right to punish West by incarceration and to deny him a venue independent of the State to obtain needed medical care. Id. at 55; See also Plain v. Flicker, 645 F.Supp. 898 (D.N.J.1986) ("if a state contracted with a private corporation to run its prisons it would no doubt subject the private prison employees to §1983 suits under the public function doctrine"); See also Blumel v. Mylander, 919 F.Supp. 423 (M.D.Fla.1996) (same result). Following this analysis, Defendants are state actors for the purposes

of §1983. However, the Court agrees that Plaintiff fails to state an Eighth Amendment claim pursuant to §1983.

The provisions of 42 U.S.C. §1983 only apply to persons who both deprive others of a right secured by the Constitution or laws of the United States and act under color of a state statute, ordinance, regulation, custom or usage. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (cited in Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir. 1987)). "Deliberate indifference to serious medical needs" of prisoners may constitute a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A constitutional violation occurs only when the prison officials exhibit deliberate indifference to an established serious medical need. See Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992). A mere delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay was the result of deliberate indifference and resulted in substantial harm. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). This is true whether the indifference is manifested by prison doctors responding to the prisoner's needs or by guards' intentionally delaying or denying access to medical care that has been prescribed. See Estelle, 429 U.S. at 104-106.

Deliberate indifference has both an objective and subjective component. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The medical need must be sufficiently serious to satisfy the objective component. See Id. The Tenth Circuit Court of Appeals has held that a medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980) (further quotation omitted). Plaintiff's allegations of injury reach that level in this case. In terms of the subjective component, *i.e.*, the

requisite deliberate indifference, a plaintiff must establish that the defendant(s) knew he faced a substantial risk of harm and disregarded that risk, "by failing to take reasonable measures to abate it." See Farmer, 511 U.S. at 847. The Eighth Amendment also protects against future harm to an inmate. See Helling v. McKinney, 509 U.S. 25, 33 (1993).

Under these standards, delay in providing medical care may constitute a violation of the Eighth Amendment. See, *e.g.*, Thomas v. Town of Davie, 847 F.2d 771, 772-73 (11th Cir.1988) (concluding that an automobile accident victim stated an Eighth Amendment claim against police officers for delay in obtaining medical care when the victim obviously needed immediate medical attention and his condition was deteriorating). Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems. See Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 & n. 21 (11th Cir. 1994) (collecting cases). The Tenth Circuit Court of Appeals has concluded that a delay in medical treatment for a serious medical need does not violate a prisoner's constitutional rights unless the prisoner can show that the delay resulted in "substantial harm." See Olson v. Stotts, 9 F.3d at 1477 (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)). Postponing surgery for an extended period, even until the prisoner's release from prison, does not provide a cause of action for deliberate indifference to serious medical needs if the delay does not cause further damage. White v. Colorado, 82 F.3d 364, 366 (10th Cir.1996).

Plaintiff has not alleged that the delay in medical care exacerbated his injuries or resulted in those injuries inflicting a more severe permanent result than they would have if treated immediately. Therefore, the question presented by this case is whether a four-day delay in medical treatment which caused severe pain is sufficient to state a claim rising to the level of cruel and unusual punishment

where no permanent injury resulted from the delay. This Court holds that it does not. Plaintiff's allegations that he notified nurses at the facility of his need for treatment, showed them his injury on the day that it occurred, and that jail guards saw the injury and also sought treatment for it but that he was not able to see a doctor or receive medication for four days does not rise to the level of an Eighth Amendment violation because substantial harm did not result from the delay.

Because Plaintiff fails to state an Eighth Amendment claim against any of the Defendants, Count III of the complaint, which alleges that Defendants Torrance County Detention Center and Donald Dorsey failed in their obligations to adequately train and supervise the other named Defendants, must also be dismissed.

**AMERICANS WITH DISABILITIES ACT CLAIMS**

Defendants assert that Plaintiff's claims made pursuant to the Americans with Disabilities Act must be dismissed because Plaintiff fails to state sufficient facts to show that he is a qualified individual with a covered disability. Defendants contend that Plaintiff merely asserts that he twisted his leg, injuring his calf muscle and ligaments. However, Defendants ignore Plaintiff's allegation that he was paralyzed from an earlier gunshot wound and required crutches or other assistance for walking. Defendants further contend that Plaintiff's ADA claim must be dismissed because he does not allege that he was denied services or medical care because of his disability. Defendants argue that Plaintiff does not and cannot allege that he was treated differently than the general population at the jail due to his disability. This argument does not address Plaintiff's contention that he is disabled due to his spine injury and that he was not provided with the reasonable accommodation of a device to assist him in walking.

Defendants argue that Title II of the ADA does not apply to private entities, relying upon 28

C.F.R. §35.102 and the language of the statute. 42 U.S.C. §12132 states in part "...no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity....". Plaintiff argues that jails and prisons are traditionally public entities so CCA should be considered one for the purpose of Title II based upon the function the Torrance County Detention Facility serves. There is no question that the ADA applies to prisons and jails run by the state. Pennsylvania Dept. of Corr. V. Yeskey, 524 U.S. 206 (1998). However, the fact that the state contracts with a private company to perform a public function does not render that company subject to Title II as a public entity under the ADA. See Reeves v. Queen City Transportation, 10 F.Supp.2d. 1181, 1185-6 (D.Co. 1998)(Holding that company operating bus service pursuant to contract and license from city is not a public entity for the purpose of Title II). Further, correctional functions have never been exclusively public, Richardson v. McKnight, 512 U.S. 399, 406 (1997), a fact which substantially mitigates Plaintiff's function-based argument for finding that CCA falls under Title II of the ADA. Based upon these factors and the language of the statute, this Court finds that Title II of the ADA does not apply to Defendants and that portion of Plaintiff's claim must be dismissed.

In contrast, Defendants' motion to dismiss that portion of Plaintiff's ADA claim which relies upon Title III of the Act is not well taken. Defendant contends that Plaintiff does not assert that he was denied services or medical care because of his disability. However, Plaintiff does claim that he was denied assistance in walking, depriving him of services, including meals, at the Torrance County Detention Center. In addition, Defendants' argument that Plaintiff was not a qualified individual with a disability because his torn calf muscle and injured ligaments do not rise to the level of a disability covered by the Act fails. Defendants ignore Plaintiffs claim of partial paralysis.

8

**NEGLIGENCE**

Plaintiff asserts a claim for negligence against Defendants pursuant to New Mexico law. Defendants contend that the claim must be dismissed because Plaintiff does not allege that it falls within a waiver of immunity under the New Mexico Tort Claims Act, citing McDermit v. Corrections Corp. of America, 814 P.2d 115 (N.M.Ct.App. 1991). NMSA 1978 §41-4-12 states:

> "The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties."

Plaintiff has not alleged facts which fall within this waiver of immunity. Plaintiff's claims do not rise to the level of an Eighth Amendment violation and negligence is not one of the torts named in the act. Further, under New Mexico law, the state Tort Claims Act applies to private jailers. NMSA 1978 §33-3-28. As a result, Plaintiff's negligence claim will be dismissed.[1]

**PUNITIVE DAMAGES**

Plaintiff asserts a claim for punitive damages based upon the §1983 violation he alleges and his negligence claim. Because those claims will be dismissed, his punitive damages claims must be dismissed as well. Plaintiff's remaining ADA claim does not afford punitive damages as relief. 42 U.S.C. §12188(b)(4).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is granted in part. Plaintiff's claims pursuant to 42 U.S.C. §1983 contained in Counts I and III of the Complaint, his

---

[1] In his Response to the instant motion, Plaintiff states that he proposes to amend his complaint and describes the proposed amendment. However, such an amendment would not alter this analysis.

pendant tort claim for negligence contained in Count IV of the Complaint, that portion of Count II of the Complaint which relies on 42 U.S.C. §12132, Title II of the ADA, and Count V of the Complaint seeking punitive damages, are hereby dismissed with prejudice. Plaintiff's claim for relief pursuant to 42 U.S.C. §12182(b) contained in Count II of the Complaint remains pending.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

Dennis W. Montoya, Esq.
Counsel for Plaintiff

Tila F. Hoffman, Esq.
Counsel for Defendants